## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Criminal Action No. 12-cr-00429-REB-3
(Civil Action No.14-cv-02353-REB)

UNITED STATES OF AMERICA,

v.

MARIA GARCIA,

    Movant.

## ORDER TO FILE AMENDED § 2255 MOTION

**Blackburn, Judge**.

    Maria Garcia was convicted, pursuant to her guilty plea, of Possession of a Machine Gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). [#158].[1] She was sentenced to an 84-month term of imprisonment. [*Id.*]. Judgment was entered on September 17, 2013. [*Id.*]. On August 25, 2014, Ms. Garcia filed, *pro se*, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. [#168].

    In the Motion, Ms. Garcia asserts that her trial counsel was ineffective for the following reasons: (1) "Evidence exists that would have mitigated the Petitioner's culpability had it been presented at sentencing" [*id.* at 4]; (2) "Counsel failed to investigate key elements of the case that would have aided Petitioner in receiving a

---

[1] "[# 158]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

lower sentence" [*id.* at 5]; and, (3) "Counsel was ineffective when he failed to communicate with the Petitioner" [*id.* at 7].  Ms. Garcia does not allege any specific facts to support her claims.

To show ineffective assistance, Movant must demonstrate that her attorney performed deficiently and that she was prejudiced as a result.  *See United States v. Hendrix*, 2014 WL 305871, at *1 (July 8, 2014) (unpublished) (reviewing district court's dismissal of § 2255 motion under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

Ms. Garcia's conclusory assertions about the failures of trial counsel are insufficient to show a Sixth Amendment violation under *Strickland. See United States v. Moser*, No. 13-3321, 2014 WL 2978498, at *3 (10th Cir. July 3, 2014) (unpublished); *Snyder v. Addison*, No. 03-6050, 89 F. App'x 675, 681 (10th Cir. 2004); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255)*; Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that even pro se plaintiffs must allege sufficient facts on which a recognized legal claim can be based, and that conclusory allegations will not suffice).

Because Ms. Garcia is not represented by counsel, I will grant her an opportunity to file an amended § 2255 Motion in which she must allege specific facts to support her claims of ineffective assistance of counsel.

**THEREFORE, IT IS ORDERED** as follows:

1. That the Movant, Maria Garcia, shall file by **September 29, 2014**, an

Amended § 2255 Motion that complies with the directives of this Order;

      2.  That **the Amended Motion shall be filed on the court-approved form for filing a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, which can be obtained from the Court's website at www.cod.uscourts.gov.**; and

      3.  That if Ms. Garcia fails to file an Amended § 2255 Motion that complies with this order to the Court's satisfaction within the time allowed, the § 2255 Motion, filed on August 25, 2014 [#168], will be denied for the reasons discussed above.

      DATED at Denver, Colorado, on August 26, 2014.

                      **BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge