**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Case No. 12-cr-00429-REB-3
(Civil Action No. 14-cv-02353-REB)

UNITED STATES OF AMERICA,

      Plaintiff-Respondent

v.

MARIA GARCIA,

      Defendant-Movant.

---

**ORDER DENYING MOTION TO RECONSIDER**

---

**Blackburn, J.**

    This matter is before me on the *pro se* **Motion for Reconsideration of Decision** [#174],[1] filed by defendant-movant, Maria Garcia, on October 14, 2014.  The United States filed a response [#182], and Ms. Garcia filed a Reply [#183].   For the following reasons, I deny the motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

    In October 2012, undercover agents with Homeland Security learned that Ms. Garcia's sister, Belia Monsivaiz, and others would be traveling to Colorado to purchase automatic weapons. [#182-1 at 3-4].  Ms. Monsivaiz asked Ms. Garcia to accompany her on the trip to Colorado. [#139, at 3- 4].  Ms. Monsivaiz told Ms. Garcia that their father would be in danger if Monsivaiz did not go on the trip. [*Id.* at 4].

---

[1]"[#174]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order. The document numbers correspond to the documents filed in Criminal Action No. 12-cr-00429-REB-3.

Ms. Garcia traveled with her sister and two other co-defendants to Pueblo, Colorado, where the events at issue occurred. [#182-1 at 4]. In Pueblo, the four defendants arrived at a Home Depot parking lot where they met unknowingly with undercover agents. [*Id*.]. The undercover agents instructed them to drive to a storage unit where the agents had the weapons in a truck parked inside the unit. [*Id*. at 4-5].

One of the agents directed Ms. Garcia to exit the vehicle and help move the guns. [#139 at 3]. The agent had to repeat the instruction before Ms. Garcia complied. [*Id*.]. Ms. Garcia lifted one weapon and handed it to her sister, who then handed it to another co-defendant to put in their truck. [*Id*.].

Ms. Garcia was convicted, pursuant to her guilty plea, of one count of possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), and was sentenced to an 84-month prison term. [#158]. Judgment was entered on September 17, 2013. [*Id*.].

On August 25, 2014, Ms. Garcia filed, *pro se*, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [#168]. After reviewing the § 2255 motion, I entered an order on August 26, 2014 [#169] directing Ms. Garcia to file an amended § 2255 Motion within thirty (30) days, "in which she must allege specific facts to support her claims of ineffective assistance of counsel." [*Id*. at 2]. Ms. Garcia filed, *pro se*, an amended § 2255 motion [#170] and a Memorandum in Support [#171] on September 19, 2014. On September 25, 2014, I denied the amended § 2255 motion without a hearing because Ms. Garcia failed to allege specific facts to support her ineffective-assistance-of-counsel (IAC) claims. [#172].

Ms. Garcia now asks me to reconsider the September 25, 2014, Order. She argues that she did not allege specific facts in the amended § 2255 motion because she

is proceeding *pro se* and did not realize what the Court expected. [#174 at 1].  In the

motion for reconsideration, Ms. Garcia states some additional facts to support her IAC

claims.  [*Id.* at 1-2].

## II.  JURISDICTION - SECOND OR SUCCESSIVE § 2255 MOTION

The United States maintains that Ms. Garcia's motion for reconsideration is

arguably a successive § 2255 motion because it simply reasserts, in more detail, the

claims previously presented in her original and amended § 2255 motions.  [#182 at 3].

*See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (instructing that a Rule

60(b) motion should be treated as a second or successive habeas petition if it

substantially "asserts or reasserts a federal basis for relief from the petitioner's

underlying conviction"); *United States v. Pedraza*, 466 F.3d 932, 933 & n.1 (10th Cir.

2006) (applying *Spitznas* to determine whether a Rule 59(e) motion was a successive

§ 2255 motion).

"Conversely, a motion for reconsideration is a 'true' [Rule 59(e) or Rule 60(b)]

motion if it either (1) challenges only a procedural ruling of the habeas court which

precluded a merits determination of the habeas application, [*Gonzales v. Crosby*, 545

U.S. 524, 125 S.Ct. 2641, at 2648 n. 4]; or (2) challenges a defect in the integrity of the

federal habeas proceeding, provided that such a challenge does not itself lead

inextricably to a merits-based attack on the disposition of a prior habeas petition, *id.* at

2648."  *Spitznas*, 464 F.3d at 1216.

I denied the amended § 2255 motion because Ms. Garcia failed to allege specific

facts to support her IAC claims, after being given an opportunity to cure the factual

deficiencies in the original § 2255 motion.  The denial of a § 2255 motion for failure to

state a claim for relief is a merits-based ruling, rather than the determination of a

procedural issue.[2]  *See, e.g., In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009)

(concluding that the appellant's Rule 60(b) motion "raised a successive § 2255 claim"

because "[t]he decision not to hold an evidentiary hearing essentially [was] the

equivalent of a dismissal for failure to state a claim or a summary judgment"—in effect,

"the district court . . . concluded that the record d[id] not entitle the prisoner to relief.").

Further, Ms. Garcia does not allege a procedural defect in the integrity of the § 2255

proceeding.  Instead, she re-asserts the same claims that were rejected in the Order

denying the amended § 2255 motion.  *See Pedraza*, 466 F.3d at 933 (recognizing that

Rule 59(e) motions constitute second or successive habeas petitions where they simply

raise claims already rejected as part of earlier habeas proceedings.).  Accordingly, I find

that the motion for reconsideration must be deemed a second or successive § 2255

motion.

Under 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3), Ms. Garcia must obtain

from the United States Court of Appeals for the Tenth Circuit an order authorizing the

district court to consider a second or successive § 2255 motion.  In the absence of such

authorization, the court lacks jurisdiction to consider the merits of the claims asserted in

a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th

Cir.2008).

A federal prisoner seeking authorization to file a second or successive § 2255

motion must demonstrate that her claims are based on either "newly discovered

evidence that, if proven and viewed in light of the evidence as a whole, would be

sufficient to establish by clear and convincing evidence that no reasonable factfinder

---

[2]Examples of a challenge to a procedural ruling which precluded a merits determination include failure to exhaust, procedural default, or a statute-of-limitations bar. *Gonzales*, 545 U.S. at 532 n. 4.

would have found the defendant guilty of the offense," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).

Ms. Garcia has not obtained authorization from the Tenth Circuit to file a second or successive § 2255 motion.  Further, she does not satisfy either requirement of § 2255(h).  Therefore, I must dismiss the motion for reconsideration, which is a second or successive § 2255 motion, for lack of jurisdiction or transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631, if it is in the interest of justice. *In re Cline*, 531 F.3d at 1252.

The factors to be considered in deciding whether a transfer is in the interest of justice include

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

It appears that the IAC claims Ms. Garcia attempts to assert in the motion for reconsideration would be barred by the one-year limitation period.  *See* 28 U.S.C. § 2255(f).  Finally, it was clear when the § 2255 motion was filed that this court lacked jurisdiction.  Therefore, I find that a transfer of this action to the Tenth Circuit is not in the interest of justice.  Instead, the motion for reconsideration, which I have deemed a second or successive § 2255 motion, will be denied for lack of jurisdiction.  *See In re Cline*, 531 F.3d at 1252 ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for

authorization.").

## III.  ALTERNATIVE ANALYSIS OF  A "TRUE" RULE 59 MOTION

In the alternative, to the extent the motion for reconsideration can be construed as a "true" motion for reconsideration and not a successive § 2255 motion, I will analyze it under the standards applicable to Rule 59(e) motions.[3]   *See Pedraza*, 466 F.3d at 933.

### A.  Standard of Review

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Ms. Garcia is proceeding *pro se.* Thus, I have construed her pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In the motion for reconsideration, Ms. Garcia alleges facts to support some of the IAC claims raised in her amended § 2255 motion.  To establish the ineffective assistance of counsel, Ms. Garcia must demonstrate that her court-appointed counsel performed deficiently, and that she was prejudiced as a result. *See United States v.*

---

[3]Because the motion for reconsideration was filed within 28 days after entry of the order denying the amended § 2255 motion, it is construed under Fed. R. Civ. P. 59(e).  *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991) (stating that a motion to alter or amend the judgment filed within the time limits of Fed. R. Civ. P. 59(e) is construed under that Rule).

*Weeks*, 653 F.3d 1188, 1200–01 (10th Cir. 2011) (reviewing IAC claims asserted in

§ 2255 motion under two-part inquiry of *Strickland v. Washington*, 466 U.S. 668, 687-88

(1984)).  The prejudice element requires a showing that counsel's errors were so

serious as to deprive the defendant of a fair proceeding, so that the result is unreliable.

*Id*. Although not insurmountable, the *Strickland* standard is "highly demanding."

*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). Finally, I may address the two

elements in any order, and I need not reach both if I find that Ms. Garcia has failed to

meet the requirements of one.  *Strickland*, 466 U.S. at 697.

### B.  Merits of Rule 59(e) Motion

### 1. claims one and two

In the amended § 2255 motion, Ms. Garcia asserted that her court-appointed

counsel was ineffective when he failed to present mitigating evidence at sentencing

(claim one).  [#170 at 4].  She further maintained that counsel was ineffective when he

failed to investigate key elements of the case that would have allowed her to receive a

lower sentence (claim two).  [*Id.* at 5].  However, Ms. Garcia did not allege any specific

facts in the amended § 2255 motion to support these claims.

In the motion for reconsideration, Ms. Garcia alleges that her counsel failed to

pursue the fact that an undercover agent instructed her to get out of the car to help her

sister load the weapons.  According to Garcia, she stated, "No, I don't want to!", but the

agent told her "to help" so the loading would go faster. [#174 at 1].  Ms. Garcia alleges

that she picked up one gun "but returned it back to the crate in the original vehicle."[4]

---

[4]I note that contrary to Ms. Garcia's allegation in the motion for reconsideration, she stated in the motion for downward departure/variant sentence that after the undercover agent told her to help move the guns, "she [lifted] one weapon out of the agents' vehicle, moved it a couple of feet and handed it to [her sister]." [#139 at 3].  Further, Ms. Garcia stipulated in the plea agreement that she and two of the other co-defendants "all began taking and moving the AK-47 from the [agents'] vehicle to their truck." [#182 at 5].

[*Id.*].

The facts upon which Ms. Garcia relies to support her IAC claims were known to the court at sentencing.  I was aware of the details of her involvement in moving the gun, which was described in her motion for a downward departure/variant sentence [#139 at 3] and counsel's statements at sentencing [#181 at 7].  Because Ms. Garcia's allegations of deficient performance by defense counsel are refuted by the record, and fail to demonstrate that she was prejudiced at sentencing as a result of counsel's conduct, Ms. Garcia has failed to establish an IAC claim.

Ms. Garcia next alleges in the motion for reconsideration that counsel failed to investigate or advise the court of the following mitigating facts prior to sentencing: Ms. Garcia's  sister informed her that she needed help traveling to Colorado to pick up a package. [#174 at 1].  The sister told her that if she did not pick up the package, their father's life would be in danger. [*Id.* at 2].  Ms. Garcia states that she had no knowledge of a money transaction.  [*Id.*].  Ms. Garcia emphasizes that she 'was not involved with any of her sister's dealings. [She] simply went on an errand to help her father." [*Id.*]. She also states that she did not find out about the weapons until they were two hours outside of Pueblo. [*Id.*].

Again, however, the court was made aware of these facts at the time of sentencing.  During the sentencing hearing, both defense counsel and Ms. Garcia explained that she did not learn until at least halfway through the trip that the purpose was to pick up guns, and that the guns were all automatic.  [#181 at 6, 10].  Because Ms. Garcia's allegations of deficient performance by defense counsel are belied by the record and fail to demonstrate that she was prejudiced at sentencing as a result of counsel's conduct, Ms. Garcia has failed to establish an IAC claim.

### 2.  claim three

In the amended § 22255 motion, Ms. Garcia also claimed that counsel was ineffective when he failed to communicate with her (claim three).  [#170 at 6].  Again, she did not allege any facts to support this claim.  [*Id.*].  Further, she does not allege any facts in the motion for reconsideration to support this claim.  As such, she is not entitled to post-conviction relief for the reasons stated in the September 14 Order denying the amended § 2255 motion.  *See Hall*, 935 F.2d at 1110 ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."); *Fisher*, 38 F.3d at 1147 (stating that conclusory allegations are insufficient to support claim for § 2255 relief).

### 3.  new allegations

The motion for reconsideration includes new allegations that were not raised in the amended § 2255 motion.  First, Ms. Garcia alleges that defense counsel labored under a "conflict of interest" because counsel and the Assistant United States Attorney (AUSA) were friends.  [#174 at 2].   Second, she alleges that defense counsel told her the government would "help" her if she "talked," but she stated that she "knew nothing." [*Id.*].   And, finally, Ms. Garcia claims that defense counsel "did not challenge the comments by the AUSA stating that I should do the maximum time because I did not cooperate. I knew nothing in regard to this gun deal."  [*Id.*].

The new IAC allegations present a second or successive attack on Ms. Garcia's sentence, *see Spitznas*, 464 F.3d at 1218-19, and will be dismissed for lack of jurisdiction.  *See* Discussion, Section II, *supra*.

However, to the extent Ms. Garcia's allegation that defense counsel "did not challenge the comments by the AUSA stating that I should do the maximum time

because I did not cooperate," arguably support the claims raised in the amended § 2255 motion, and are not a second or successive attack on her sentence, I find that Ms. Garcia has failed to demonstrate a meritorious IAC claim.

At sentencing, the government stated that Ms. Garcia's sister received a sentence of 73 months because she cooperated with law enforcement. [#181 at 14]. The government also made clear that cooperation was not a factor in Ms. Garcia's recommended sentence. [*Id.*]. Ms. Garcia has consistently maintained that she knew nothing about the gun deal. As such, she fails to demonstrate how she would have cooperated with the government and counsel's failure to object to the AUSA's comments at sentencing was not deficient performance or prejudicial.

In sum, to the extent the court has jurisdiction over the motion for reconsideration, I find and conclude that Ms. Garcia has failed to demonstrate any basis for me to reconsider the September 25, 2015, Order Dismissing Amended § 2255 Motion.

## IV. CONCLUSION & ORDERS

This court does not have jurisdiction over the motion for reconsideration, which is essentially a second or successive § 2255 motion. To the extent the court has jurisdiction over the motion for reconsideration, I find and conclude that Ms. Garcia has failed to demonstrate any basis for me to reconsider the September 25, 2015, **Order Dismissing Amended § 2255 Motion** [#172].

**THEREFORE, IT IS ORDERED** as follows:

1. That **Motion for Reconsideration of Decision** [#174], filed *pro se* by Movant, Maria Garcia, on October 14, 2014, is denied for lack of jurisdiction because the motion is a second or successive § 2255 motion; and

2.  That, in the alternative, to the extent the court has jurisdiction over the **Motion for Reconsideration of Decision** [#174], filed *pro se* by movant, Maria Garcia, on October 14, 2014, the motion is denied.

Dated January 11, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge